UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERRY L. RANSON,

    Plaintiff,

v.                                                                    Case No. 4:23-cv-25-MW/MJF

OMNI INSURANCE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gerry L. Ranson, FDC# 114511, has filed a civil-rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Ranson is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

### I. Background

Ranson is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Wakulla Correctional Institution Annex. Doc. 1 at 2. Ranson is suing six defendants: (1) Omni Insurance, (2) Allstate Insurance, (3) the FDC, (4) "Gulf Atlantic Insurance," (5) "Atlantic Casualty," and (6) Centurion. *Id.* at 1–3. Ranson alleges that Defendants have denied Ranson medical, dental, and psychological services for injuries Ranson allegedly sustained during an October 1993 car accident and a subsequent surgery. *Id.* at 5. On December 20, 2022, Ranson

allegedly requested special shoes or boots for his foot pain, a walking cane, a helmet, a back brace, a wheelchair, and "prescription pain killers." *Id.* at 5–6. Defendants allegedly denied Ranson's requests. *Id.* at 6.

Ranson alleges that he is being discriminated against because he is "a Native American Indian Chief named Konde-Monyeh." Doc. 1 at 7. Ranson alleges that Defendants are violating his First-, Fourth-, Sixth-, Eighth-, and Fourteenth-Amendment rights. *Id.* As relief, Ranson requests vitamin B or vitamin E (it is unclear from Ranson's handwriting) and damages. *Id.*

## II. Discussion

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). There is, however, a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he

is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Ranson has incurred at least three strikes under section 1915(g):

- *Ranson v. Wakulla RCC*, No. 4:22-cv-41-MW/MJF, ECF No. 4 (N.D. Fla. Mar. 11, 2022) (recommending that Ranson's complaint be dismissed because he was barred by section 1915(g) from proceeding *in forma pauperis*), *adopted*, ECF No. 5 (N.D. Fla. Apr. 8, 2022);

- *Ranson v. Occonnor*, No. 4:21-cv-431-MW/MAF, ECF No. 4 (N.D. Fla. Nov. 2, 2021) (recommending dismissal of case under section 1915(g) and identifying three of Ranson's many cases that qualify as strikes), *adopted*, ECF. No. 5 (N.D. Fla. Dec. 6, 2021); and

- *Ranson-Cooper v. SARCI-Annex*, No. 8:11-cv-01628-SDM-MAP (M.D. Fla. July 26, 2011) (dismissing case under section 1915(g) and identifying six prior cases Ranson filed in the Middle District that were dismissed under section 1915(g)).

Because Ranson has incurred *at least* three strikes, he may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Ranson's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are

not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Ranson's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Ranson alleges that Defendants have denied him medical, dental, and psychological services for injuries Ranson allegedly sustained during an October 1993 car accident and a subsequent surgery. Doc. 1 at 5. Ranson does not specify what medical, dental, or psychological services he requires or why he is in imminent danger of serious physical injury if he does not obtain those services. Additionally, Defendants allegedly denied Ranson's requests for special shoes or boots for his foot pain, a walking cane, a helmet, a back brace, a wheelchair, and "prescription pain killers." *Id.* at 5–6. These requests do not plausibly suggest that Ranson is in imminent danger of serious physical injury. In short, Ranson has not set forth specific allegations that indicate he is subject to an imminent danger of serious physical harm.[1] *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

---

[1] In his complaint, Ranson requests that the undersigned contact "Isabella A. Adams" to "get the filing fee." Doc. 1 at 7. Ranson alleges that Adam's is his "mother at birth." *Id.* at 6. The undersigned will not contact individuals on Ranson's behalf, and Ranson does not allege why he cannot contact Adams himself. Additionally, given Ranson's extensive litigation history, he was well aware that at the time he initiated this lawsuit, he was required to pay the filing fee. Ranson failed to do so.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Ranson initiating a new case accompanied by the $402.00 fee in its entirety.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this 20th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**